UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                     CASE NUMBER: 2:23 CR 131

MORRELL STEVEN NEELY

    Defendant.

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR REVOCATION OF FEDERAL MAGISTRATE JUDGE'S DETENTION ORDER AND FOR THE SETTING OF CONDITIONS FOR RELEASE.

Comes now the Defendant, Morrell Steve Neely,[1] by counsel Kerry C. Connor, and files this Memorandum in Support of Defendant's Motion for Revocation of Federal Magistrate Judge's Detention Order and for the Setting of Conditions for Release. Counsel states:

STATEMENT OF CASE

1.    On December 20, 2023, Morrell Steve Neely was charged in a 3-count Indictment, alleging various allegations of fraud in violation of 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1), and 28 U.S.C. § 2461(c). [DE 1].

2.    On January 16, 2024, Mr. Neely appeared with counsel, Steven A Greenberg, for initial appearance and arraignment. [DE 9]. Mr. Neely was released on an unsecured bond. [DE 10,11].

---

[1] Mr. Neely's legal name is Morrell Steve Neely. His middle name is not Steven.

1

3.	Attorney Greenberg subsequently filed a motion to withdraw on June 24, 2024. [DE 16]. Mr. Greenberg's primary contention in his motion to withdraw was that he had not been financially compensated for his representation. [DE 16].

4.	The court held a telephone status hearing on July 17, 2024. [DE 17]. The defendant appeared. The court granted Mr. Greenberg's motion to withdraw. The court further inquired of Mr. Neely regarding his financial ability to hire counsel. The defendant indicated that he only had a small amount of money coming in related to UPS stores. Mr. Neely further stated that his financial situation changes from "week to week." [Transcript, 7/17/2024, hearing, page 2].

| | |
|---|---|
| THE COURT: | Okay. As you sit here today, because this case cannot languish, can you afford to retain an attorney? |
| THE DEFENDANT: | Not today, no. |
| THE COURT: | Okay. I'll appoint an attorney to represent you. If your financial condition changes, and if you can afford to hire an attorney, then the court-appointed attorney will withdraw; do you understand that, sir? |
| THE DEFENDANT: | Yes, Your Honor. |

[Transcript, 7/17/2024, hearing, page 3-4].

5.	That same day, the court appointed the Federal Community Defenders Office to represent Mr. Neely. Attorney Matthew Soliday was assigned. [DE 18].

6.	On September 5, 2024, the court held a status conference. The defendant appeared. The case was declared complex. [DE 22].

7.	On November 19, 2024, the United States Probation Office filed a *Petition for Action on Conditions of Pretrial Release.* The Petition stated in relevant part:

> This officer received an FBI investigation and other documents that allegedly shows the defendant committed fraud and forgery under Illinois Law. It is alleged that the defendant entered into a lease agreement on 05/24/2024 with Bumal Properties. After paying the initial payment, the defendant has failed to pay rent since moving in on 06/01/2024. This led to a civil suit filed in Cook County, Illinois, under case number 2024CH08460. It is further alleged that the defendant purposely omitted his 5 bankruptcies, his current federal case, past evictions and provided the wrong Social Security Number to fraudulently obtain possession of this rental.

[DE 23].

8.	On November 26, 2024, a status hearing was held. The parties, including the defendant, appeared. The government made an oral motion for revocation of bond. [Transcript of 11/26/2024, hearing, page 2; DE 26]. The government denied that the basis for the revocation was the Illinois eviction proceedings. Instead, the government argued that Mr. Neely had "engaged in an additional felony" and "committed the additional crimes of forgery and fraud under Illinois state law" while on bond. [Transcript, 11/26/2024, hearing, page 2, 4]. Referring to a residential lease agreement in Illinois in which eviction proceedings had been brought, the government offered by proffer:

> Mr. Neely indicated on that application a couple of different false things. He's indicated that he's never filed for bankruptcy. That is not true. He filed for bankruptcy, by my count, Your Honor, eight times.

> He indicated that he has never breached a lease agreement or been asked to leave a house. Your Honor, our evidence indicates -- and this is all from court documents that have been filed in court, in federal court and in state court in Illinois -- that Mr. Neely has been evicted three times – or been asked to leave at least three times.
>
> Your Honor, as Special Agent Trinch could testify -- and if Your Honor would like to, we could arrange for the landlords to be here as well -- those were material representations to those landlords.
>
> Mr. Neely is currently living in that -- the government's evidence would show that Mr. Neely has not paid rent since the first month, and the landlords would testify that Mr. Neely paid a deposit, that Mr. Neely paid the first months' rent and since then they have received nothing. So they are currently out something like $11,000 a month.

[Transcript, 11/26/2025, hearing, page 4-5].

In response, counsel for Mr. Neely pointed out there had been an ongoing civil dispute regarding the eviction proceedings and that settlement was imminent. Additionally, counsel offered that Mr. Neely is the sole custodian for his 10-year-old son. [Transcript, 11/26/2025, hearing, page 5-6]. Mr. Neely sought additional time to respond to the allegations and prepare for a hearing.[2] The matter was set for December 4, 2024. [Transcript, 11/26/2025, hearing, page 9].

9. In light of the allegations heard at the November 26, 2024, status hearing, the court placed Mr. Neely on home detention with location monitoring.

---

[2] The court seemed to suggest going forward to resolution of the revocation allegation during the November 26, 2024, status hearing. [Transcript, 11/26/2024, hearing, page 2]. However, because the court noted a "serious dispute," the court granted the request for continuance and an opportunity to prepare. [Transcript, 11/26/2024, hearing, page 6]. Prior to the November hearing, the matter had been set for December 3, 2024. The court then moved the December 3, 2024, hearing to December 4, 2024. [Transcript, 11/26/2024, hearing, page 10].

4

Mr. Neely was ordered restricted to his residence at all times absent preapproval of by Pretrial Services. [Transcript, 11/26/2024, hearing, page 6-7; DE 27]. Mr. Neely was additionally forbidden to enter into any financial agreements without notifying Pretrial Services in advance. Mr. Neely was further directed to cooperate in credit checks as requested by Pretrial Services. [Transcript, 11/26/2024, hearing, page 10; DE 27].

10. On December 3, 2024, Attorney Patrick Young entered his appearance as retained counsel on Mr. Neely's behalf. [DE 30]. Attorney Soliday, appointed counsel, was subsequently relieved. [DE 36]. Also on December 3, 2024, Attorney Young filed a motion to continue the December 4, 2024, hearing, seeking a "short continuance of the Bond Revocation Hearing. . . in order to adequately and effectively prepare" for the hearing. [DE 31]. The government objected to continuance. [DE 31]. The motion was denied. [DE 35].

11. On December 4, 2024, the court held a hearing on the oral motion for bond revocation. The defendant, who was in the hospital and had been since December 3, 2024, appeared by counsel. The government confirmed the statement that Mr. Neely had been and remained hospitalized. [DE 37].

12. The defense clearly articulated its objection to continuing with the hearing in absence of the defendant.

> I do [object], Judge, because [Mr. Neely's] liberty is at stake and he needs – he has a right to be here. And I need him to assist me in his defense, and he needs to hear what it is the witness would have to say.

[Transcript, 12/4/24, hearing, page 6; DE 41].

5

13.     Over the objection of the defense and in the absence of the hospitalized defendant, the court permitted the government to proceed with evidence. The court stated:

> All right. The normal rules of evidence do not apply in bond hearings. The government frequently submits proffers or affidavits; so noting your objections, I will let the [landlord] testify since he is here.

[Transcript, 12/4/24, hearing, page 7; DE 41].

14.     Only having entered the case on the previous day, and without the assistance of his client, the court permitted the landlord to testify. [Transcript, 12/4/24, hearing, page 8; DE 41].

15.     On December 5, 2024, the court held a telephonic status conference. It was confirmed and undisputed that the defendant was still in the hospital at the time of the status. The hearing was reset for December 6, 2024. [DE 38].

16.     On December 6, 2024, Mr. Neely, having been released from the hospital, appeared before the court. The court revoked Mr. Neely's bond and ordered him detained. [DE 39, 40]. The court stated:

> The government has presented more than probable cause to demonstrate that Mr. Neely committed a felony while on bond given the entire background and the entire conduct of Mr. Neely. I believe he is trying to game the system. I believe he thinks he can take advantage of the Court. He is not taking the charges against him seriously.
>
> I will grant the government's motion to revoke his bond. I do not believe that there are any conditions of release that will assure his appearance. His cooperation with the probation department -- given his record of deception to the Court along the way, he certainly is not someone who the Court can trust to live up to the terms and conditions of his release no matter what modification is made. So show the bond is revoked. Mr. Neely is remanded to the custody of the [M]arshals instanter.

[Transcript, 12/6/24, hearing, page 19; DE 43].

17. Subsequently, the court entered a minute order on the docket: "ORDER OF DETENTION as to Morrell Steven Neely on oral ruling in Open Court 12/6/2024. BOND REVOKED. No pdf order to be issued." [DE 40]. Mr. Neely has remained in custody since December 6, 2024.

18. On January 24, 2025, undersigned counsel entered her appearance on Mr. Neely's behalf. [DE 44].

## LEGAL DISCUSSION.

I. Standard of Review.

The district court reviews the magistrate's order regarding detention and/or release *de novo.* 18 U.S.C. § 3145; *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985). The district court's review of a magistrate judge's detention order may either review the transcript of the proceedings below or hold a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Mr. Neely respectfully requests the district court "start from scratch" and hold a new hearing on this matter. *Torres*, 929 F.2d at 292.

> II. The revocation proceedings below were procedurally and substantively flawed and should not be relied on by this Court.
>
> > A. The government did not file a motion for revocation as required by statute.

Title 18 U.S.C. § 3148, entitled *Sanctions for violation of a release condition,* provides the statutory framework which governs the manner in which bond revocation proceedings must be brought. The statute specifically requires revocation proceedings be initiated "by a *filing of a motion* with the district court" by a government attorney. 18 U.S.C. § 3148(b)[emphasis added]; *see United States v. Herrera*, 29 F. Supp. 2d 756, 760 (N.D.Tex. 1998)(§ 3148(b) authorizes only the attorney for the government to initiate a revocation proceeding"). Here, there was no written motion for revocation.

Moreover, from a substantive analysis, the requisite filing of a written motion for revocation gives the defendant fair and full notice of the allegations against him and the opportunity to prepare a defense against the loss of liberty. See *United States v. Wilks*, 15 F.4th at 848. In *United States v. Wilks*, 15 F.4th at 848, the Seventh Circuit noted that the written notice of violation required by statute also limits what the court can consider for purposes of revocation. In fact, the Seventh Circuit has held that the grounds for revocation are specifically limited by the written allegations within the four-corners of the government's written revocation motion. "Though it was not improper for the judge to reframe the inquiry, the fact remains that Wilks' counsel did not have an opportunity to address the specific issue that the judge was concerned about." *Wilks*, 15 F.4th at 847-848. Therefore,

the lack of a written motion for revocation is not only a procedural flaw, but also carries significant substantive concerns in terms of notice, and full and fair hearing on the matter. *Id.*

In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court recognized that bond determinations generally and the Bail Reform Act specifically implicate a defendant's significant constitutional interest in liberty. Likewise, though a revocation proceeding may not be considered a stage in the criminal proceedings, just as in probation, parole, and supervised release hearings, concepts of due process apply. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)(a defendant has a right to counsel at revocation proceedings). Thus, in assessing the fairness of the proceedings below and whether they should be relied on by the district court for purposes of *de novo* review, it should not be ignored that retained counsel replaced appointed counsel on December 3, 2024. The newly retained counsel was not present during the government's oral proffer on November 26, 2024. And defense counsel's request for continuance of the December 4, 2024, hearing was denied; the defendant was absent on December 4, 2024, due to hospitalization. With no semblance of a written notice of the violation upon which revocation was being sought and having not been present for the oral proffer of the government, defense counsel was forced to cross-examine the government witness in the dark, and without assistance from his client. See *United States v. Cronic*, 466 U.S. 648, 655–59 (1984)(failure to grant a reasonable continuance of trial effectively prevented counsel from rendering effective assistance); *Morris v. Slappy*, 461 U.S. 1, 11–12

(1983)(forcing counsel to go forward in the face of justifiable delay violates the Sixth Amendment).

> B. The defendant had the right to be present during the evidentiary hearing on revocation.

Where the alleged violation is a new law violation, 18 U.S.C. § 3148(b) clearly provides the defendant "*shall be brought before the judicial officer* who ordered the release and whose order is alleged to have been violated." *Id*. Yet, at the time of the scheduled hearing on December 4, 2024, it is undisputed, Mr. Neely was hospitalized. In fact, medical records submitted to the court by the defense verified that the defendant had been hospitalized on December 3, 2025, and he remained hospitalized until December 5, 2024. Defense counsel requested a continuance to permit the defendant to be present; yet, over objection, the magistrate judge proceeded with testimonial evidence in the defendant's absence.

The importance of adherence to the requirement that a defendant be present for his revocation hearing is underscored in the Seventh Circuit's opinion in *United States v. Thompson*, 599 F.3d 595 (7th Cir.2010). In *Thompson*, the court held a probation revocation hearing by videoconference. The Seventh Circuit reversed the court's revocation of probation, finding that "appearance" within the meaning of Fed.R.Crim.Pro.R. 32.1(b)(2) requires, when a defendant's liberty is at stake, that he "come personally before a judicial officer." *Thompson*, 599 F.3d at 599. Thompson further stated:

> Moreover, the defendant's "opportunity to appear" under this rule exists not in isolation but in conjunction with his right to "present evidence," to

"question any adverse witness," and to "make a statement and present any information in mitigation."

*Thompson*, 599 F.3d at 599 *citing* Fed.R.Crim.Pro.R. 32.1(b)(2)(E).

Likewise, in the context of a revocation hearing pursuant to 18 U.S.C. § 3148(b), the statute requires that the defendant "*shall be brought before the judicial officer.*" Just as discussed in *Thompson*, the statutory framework for revocation anticipates that that the defendant will be present. 18 U.S.C. § 3148(b). Moreover, revocation proceedings must also be consistent with the statutory framework and dictates of 18 U.S.C. § 3142, which governs the release or detention of a defendant pending trial. *See United States v. Wilks*, 15 F.4th 842 (2021).

Title 18 U.S.C. § 3142(f) specifically provides:

> The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.

18 U.S.C.A. § 3142(f). Just as in the context of Fed.R.Crim.Pro.R. 32.1(b)(2)(E) and as discussed in *Thompson*, 18 U.S.C. § 3142(f), anticipates the presence of the defendant and the exercise of due process rights, such as "opportunity to testify," and present evidence. The testimony taken in the absence of the hospitalized defendant should not be considered by this Court on review.

    III.    Proper analysis under 18 U.S.C. § 3148(b)(1), includes analysis and specific findings under § 3148(b)(1) and § 3142(g).

Ultimately, in conducting a *de novo* review, it remains the Court's obligation to determine if Mr. Neely violated his conditions of release pursuant to 18 U.S.C. § 3148(b)(1); and, even if there is probable cause to believe the defendant committed

an illegal act – as the government concluded following its oral proffer – determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). "A finding that the defendant violated a release condition does not alone permit revocation; the judge must make findings under both § 3148(b)(1) and (b)(2) before he may revoke release." *Wilks*, 15 F.4th at 848. "[A] summary statement in [a court's] order falls short under either provision." *Ibid.*

>The factors to be considered under 18 U.S.C. § 3142(g), are far reaching.
>
>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Reflecting on 18 U.S.C. § 3142(g) and other relevant provisions of the Bail Reform Act, there is substantial basis for Mr. Neely's release on reasonable conditions. The charged offense is a fraud offense. It is not a crime of violence and/or terrorism. It does not involve a minor victim, controlled substance, firearm, explosive or destructive device. *See* 18 U.S.C. § 3142(g)(1). In fact, neither the charged offense, nor the proffered allegation, nor any other characteristic of Mr. Neely would permit the government to make a motion for detention pursuant to 18 U.S.C. § 3142(d), (e) or (f). There is no evidence or indication that Mr. Neely is a danger to the community or to any person if released. *See* 18 U.S.C. § 3142(g)(4).

Mr. Neely has no other criminal charges pending against him. Though the Pretrial Service Report indicates Mr. Neely has some old, yet unverified convictions, it appears Mr. Neely would be a Criminal History Category I. He may qualify as a Zero-Point Offender pursuant to U.S.S.G. § 4C1.1. *See* 18 U.S.C. § 3142(g)(3)(A) and (B).

There is no indication that Mr. Neely is a risk of flight. In fact, with the exception of being hospitalized December 3, 2024, through December 5, 2024, Mr. Neely has made every court appearance since his initial appearance. And he appeared on December 6, 2024, after being released from the hospital. *See* 18 U.S.C. § 3142(g)(3)(A).

Mr. Neely is 64 years old. He has lived in Chicago, Illinois for most of his life and continuously for about a decade. His aging mother, his brother, and his four (4) children live in Chicago. In addition, he has maintained several businesses in

13

Chicagoland. Mr. Neely's ties are strong to Chicagoland. *See* 18 U.S.C. § 3142(g)(3)(A).

Mr. Neely has sole custody of his ten (10) year old son. Divorce and custody records indicate that the mother of the child has struggled with the ability to care for her son. There is no indication that Mr. Neely has been anything but a dedicated custodial parent. *See* 18 U.S.C. § 3142(g)(3)(A).

Mr. Neely does have health problems. Medical records indicate that Mr. Neely has been diagnosed with degeneration spine disease. Since being incarcerated, Mr. Neely has lost weight and reports ongoing symptoms possibly related to his previously diagnosed condition. He needs specialized medical care related to his condition. *See* 18 U.S.C. § 3142(g)(3)(A).

The Bail Reform Act states a preference for liberty. *See* 18 U.S.C. § 3142(a) and (b). Similarly, the Supreme Court has stressed, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755. Thus, courts are required to consider the possibility of less restrictive alternatives to detention. *See United States v. Infelise*, 934 F.2d 103, 105 (7th Cir.1991). In this case, reasonable conditions of release short of detention are appropriate.

CONCLUSION

For the foregoing reasons, Mr. Neely requests that the Court vacate the detention order entered on December 6, 2024, [DE 40], and release Mr. Neely from custody with reasonable conditions. In the alternative, Mr. Neely requests that the Court grant a new hearing on the matter of bond revocation and permit a fair and full hearing on the matter.

Respectfully submitted,

/s/ Kerry C. Connor
Kerry C. Connor
Attorney at Law
8320 Kennedy Ave.
Highland, IN 46322
Phone: (219) 803-8030
Fax: (219) 247-1980
kcconnor@sbcglobal.net

## CERTIFICATE OF SERVICE

      I hereby certify that on February 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record.

                                      /s/ Kerry C. Connor
                                      Kerry C. Connor