UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23 CR 131 |
| | ) | |
| MORRELL STEVEN NEELY | ) | |

**OPINION and ORDER**

This matter is before the court on defendant's Motion for Revocation of Federal Magistrate Judge's Detention Order. (DE # 55.) For the reasons set forth below, the motion is denied.

In 2023, defendant Morrell Steven Neely was charged with wire fraud. (DE # 1.) Magistrate Judge Andrew P. Rodovich initially ordered defendant released on bond pending trial. (DE # 9.) Later, defendant was placed on home detention with location monitoring technology. (DE # 27.)

On November 19, 2024, the United States Probation Department filed a Petition for Action on Conditions of Pretrial Release. (DE # 23.) In that petition, the Probation Department alleged that defendant committed fraud and forgery under Illinois law by entering into a residential lease agreement but failing to pay rent. (*Id.*) The petition further alleged that, on his lease application, defendant provided an incorrect social security number and omitted information related to past evictions, prior bankruptcies, and this criminal case. (*Id.*) According to the Probation Department, defendant's actions violated Illinois law and therefore the condition of his release that he not violate any federal, state, or local law. (*Id.*)

At a status conference on November 27, 2024, the Government orally moved for bond revocation based on these allegations. (*Id.*) A bond revocation hearing was scheduled for December 4, 2024. (DE # 27.) On December 3, 2024, defendant's appointed counsel moved to withdraw, and a privately-retained attorney, Patrick W. Young, filed an appearance on defendant's behalf. (DE # 30.) Mr. Young sought to continue the revocation hearing that was scheduled for the next day, arguing that he was new to the case. (DE # 31.) Magistrate Judge Rodovich denied this motion. (DE # 35.)

At the revocation hearing the next day, Mr. Young informed the court that defendant could not be present because he was in the hospital due to fainting, with an unknown release date. (DE # 37.) Mr. Young again requested a continuance, which Magistrate Judge Rodovich again denied. (*Id.*) The hearing proceeded in defendant's absence, with Magistrate Judge Rodovich allowing testimony from Bijal Shah, defendant's landlord, who had flown in that day from out of state for the purpose of testifying. (*Id.*) Magistrate Judge Rodovich then announced a recess, with proceedings to continue later. (DE # 38.)

Two days later, on December 6, 2024, Magistrate Judge Rodovich resumed the revocation hearing. (DE # 39.) Defendant was present. (*Id.*) The Government argued that probable cause existed to believe that defendant made misrepresentations on his lease application and failed to pay his rent, all in violation of Illinois law and therefore in violation of a condition of his release. (*Id.*) Defendant's attorney argued that

2

misstatements on the lease application were the fault of an "unscrupulous real estate agent" who wanted to close the rental contract. (DE # 43, Hrg. Tr. 9:18-20.) Counsel for defendant also suggested that defendant had probably clicked the electronic signature buttons without really reviewing the contents of the documents. (*Id.* at 9:17.) Still, counsel admitted: "I'm not saying he didn't have a duty to look at them and make sure [the pieces of information submitted] were correct." (*Id.* at 12:7-8.)

The Government retorted that the lease application necessarily demanded defendant's concerted involvement, as it required the upload of copies of identification and other documentation that could only have come from defendant himself. (*Id.* at 15:11-13.) The Government further pointed out that the last page of the document included a "finger signature," not an electronic signature. (*Id.*) For these reasons, the Government argued that the court should reject defense counsel's argument that defendant blindly clicked his way through the lease application and should not suffer consequences for the misstatements appearing therein. (*Id.*)

At the conclusion of the hearing, Magistrate Judge Rodovich noted his disappointment that defendant did not seem to be taking the criminal proceedings seriously. (*Id.* at 18:15-20.) Magistrate Judge Rodovich also expressed suspicion about defendant's visit to the hospital and decision to change lawyers on the eve of his revocation hearing. (*Id.*) Further, Magistrate Judge Rodovich noted the contradiction that was apparent between defendant's representations to the court that he intended to make good on his relatively expensive rental agreement (under which he owed over

3

$11,000.00 per month) and his prior statements, under oath, that he did not have sufficient funds to retain an attorney. (*Id.* at 17:16-25.)

On the issue of revocation, Magistrate Judge Rodovich held that the Government had "presented more than probable cause to demonstrate that Mr. Neely committed a felony while on bond." (*Id.* at 18:15-17.) Magistrate Judge Rodovich further held that he did not believe that any conditions of release would assure defendant's appearance. (*Id.* at 18:22-24.) Magistrate Judge Rodovich ordered defendant's bond revoked and remanded defendant to the custody of the marshals. (*Id.* at 19:3-4.)

On January 24, 2025, attorney Kerry Connor filed an appearance on behalf of defendant. (DE # 44.) Patrick Young withdrew from the case thereafter. (DE # 45.) On February 10, 2025, Connor filed, on defendant's behalf, a motion to revoke Magistrate Judge Rodovich's detention order. (DE # 55.) The parties have fully briefed the motion. (DE ## 55, 58, 59.)

Defendant's primary argument is that the testimony of his landlord, Bijal Shah, should not be considered because defendant was not present when the testimony was given on December 4, 2024. (DE # 56 at 10.) As the court explains in more detail below, revocation of defendant's bond is warranted regardless of Shah's testimony, so the court will disregard that evidence without wading into the legal issues related to defendant's presence at the hearing.

Defendant also argues that his detention is invalid because the Government moved for revocation orally on November 27, 2024, during a status conference, instead

4

of in writing. (DE # 56 at 8.) According to defendant, a written motion must be filed under 18 U.S.C. § 3148, the statute governing challenges to detention orders. However, that statute actually states that revocation proceedings must be initiated by the "filing" of a motion. 18 U.S.C. § 3148(b). Nowhere in the text is there a requirement that the motion be written, nor can defendant point to any authority holding such.

Defendant claims that a written motion would give defendant full and fair notice of the allegations against him and the opportunity to prepare a defense. (DE # 56 at 8.) According to defendant, attorney Young had only been on the case for one day prior to the revocation hearing on December 4, 2024, and was forced to handle the hearing "in the dark" because no written motion was filed by the Government. (DE # 56 at 9.) However, it cannot be disputed that full and fair notice of the allegations was provided to defendant when the Probation Department filed a Petition for Action on Conditions of Pretrial Release on November 19, 2024. (DE # 23.) This document provided detailed factual allegations related to misinformation provided in defendant's lease application and his failure to pay rent. The Government's oral motion was further memorialized in a separate docket entry after the status conference concluded. (DE # 28.) In sum, no argument can be made that defendant lacked notice and an opportunity to address the specific issues relevant to revocation.

Defendant also argues he should have a "fresh" hearing on the matter of bond revocation. However, the revocation statute contemplates the reopening of a bond revocation hearing only when "information exists that was not known to the movant at

5

the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Defendant has not demonstrated that he has any additional information that has not yet been presented which meets this criteria.

Having considered the defendant's preliminary arguments, the court now reviews Magistrate Judge Rodovich's revocation and detention order *de novo*. *United States v. Daniels*, 772 F.2d 382 (7th Cir. 1995). A defendant's bond may be revoked when: (1) there is probable cause to believe that the defendant has committed a federal, state, or local crime while on release or there is clear and convincing evidence that the person has violated any other condition of release; and (2) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b).

In this case, defendant cannot dispute the evidence showing that he electronically signed and submitted lease documents containing significant misinformation. (Hrg. Exs. 1-3.) He also cannot dispute that he failed to pay rent. These indisputable facts, alone, demonstrate probable cause that defendant committed felonies under Illinois law. *See, e.g.,* 720 ILCS 5/17-3 (Illinois forgery statute); 720 ILCS 5/17-24 (Illinois mail and wire fraud statutes). Defendant's arguments that he mindlessly clicked the electronic signature buttons on a form filled out by an

6

unscrupulous real estate agent do not alter the court's probable cause determination given the amount of attention and participation the application and lease otherwise required. Nor is the court's probable cause determination changed by defendant's arguments that he hopes to pay the landlord soon. (DE # 43, Hrg. Tr. 11:23-25, 12:1.) Whether defendant *actually* violated the law is not before the court; for now, the court finds that probable cause exists to believe he did, satisfying the first prong of Section 3148(b).

The second prong of Section 3148(b) requires that the court find that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3148(b); 18 U.S.C. § 3142(e). The Government bears the burden of proving flight risk by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). The Government bears the burden of proving danger to others or the community by clear and convincing evidence. *United States v. Salerno,* 481 U.S. 739, 751 (1987). A finding of either flight risk or danger to the community is sufficient to detain a defendant awaiting trial; a court need not find both. *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir. 1985).

The court's inquiry under Section 3142(e) is guided by the factors set forth in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a

> Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [...]

Because probable cause exists to believe that, while on release, defendant committed felonies, a rebuttable presumption arises that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b). While defendant argues that "reasonable conditions of release short of detention are appropriate," he does not state what those might be. (DE # 56 at 14.) Instead, defendant points out that he has very little criminal history ("some old, yet unverified convictions," according to his attorney), has a history of making court appearances (except, notably, when he had a fainting spell on the day his revocation hearing was set to take place), is 64-years-old with family connections in Chicago, is the custodial parent of his 10-year-old son, and has a degenerative spine disease. (DE # 56 at 14.)

8

Even if the court finds that defendant has rebutted the presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community, a balance of the all of the considerations still weigh in favor of detention. The court acknowledges that defendant arguably has a relatively minimal criminal history, that his crime did not put anyone in physical danger, that he has long-established ties to and family in the Chicagoland area, and that he was not on probation or supervision for another offense when he was indicted in this case. The court has also considered defendant's argument that he is the custodial parent of his minor child, but it is worth noting that he also touts strong family ties in the Chicagoland area, possibly contradicting his suggestion that there is "no one" else to care for his son. (DE # 43, Hrg. Tr. 7:18-19.)

Despite these factors weighing in defendant's favor, defendant's charges are serious, involving fraud in the course of business dealings, and the Government appears to have substantial documentation and evidence supporting those charges. (DE # 1.) Given the seriousness of these charges, defendant is a significant flight risk. While defendant has submitted a copy of his expired passport to the court (DE # 43, Hrg. Tr. at 7:10-12), an expired passport is not evidence that a new passport has not or cannot be obtained. Further, defendant's repeated substitution of counsel in this case, along with the fact that defendant was hospitalized based on subjective symptoms the same day as his revocation hearing, do little to assuage the court's concerns that defendant may take more extreme measures (such as fleeing) to avoid the progression of this case in the

future. While defendant is in his mid-60s with some medical issues (DE # 56 at 14), this does not make defendant less of a flight risk. On the whole, the court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance as required. 18 U.S.C. § 3148(b); 18 U.S.C. § 3142(e).

For the foregoing reasons, the revocation of defendant's release and the imposition of detention is warranted. 18 U.S.C. § 3148(b). Therefore, defendant's motion to revoke Magistrate Judge Rodovich's detention order (DE # 55) is **DENIED**.

**SO ORDERED.**

Date: April 23, 2025

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT